UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY MATHISON,

        Petitioner,

v.                                            Case No. 2:13-cv-00369
                                               HON. GORDON J. QUIST

MITCH PERRY,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        Petitioner, Anthony Mathison, filed this petition for writ of habeas corpus, challenging his jury conviction for possession of a firearm by a felon, possession of a firearm during the commission of a felony, possession of a controlled substance, and possession of marijuana. Petitioner was sentenced to 36 to 180 months for possession of a firearm by a felon, 24 months consecutive to all other counts for possession of a firearm during the commission of a felony, 24 to 180 months for possession of a controlled substance, and a $500 fine for possession of marijuana. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

        Petitioner alleges that:

I. Petitioner's convictions are not supported by legally sufficient evidence and must be vacated as violative of federal and state due process protections.

II. Trial counsel was ineffective for failing to call a witness whose testimony would have exculpated defendant and should have been heard by the jury, and appellate counsel was ineffective for failing to raise this issue on appeal.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that

principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that his convictions are not supported by legally sufficient evidence and must be vacated as violative of federal and state due process protections. The Michigan Court of Appeals rejected this claim explaining:

> Police executed a search warrant at the house where defendant had been staying for several months and seized a small amount of marijuana, nine Hydrocodone pills, and a nine-millimeter handgun.

The renter of the house, defendant's cousin, testified that defendant, exclusively, used the bedroom in which police found the gun and pills and that, except for a few items, the property in the room belonged to defendant. She acknowledged that she entered the room daily. She also testified that a car in which police found marijuana belonged to defendant. The car was titled in the name of a third party, but the title was found with defendant's effects in the bedroom.

Defendant argues that the prosecution failed to introduce sufficient evidence from which a rational trier of fact could conclude that he possessed the items found in the bedroom and the car. This Court reviews appeals challenging the sufficiency of the evidence de novo and must view the evidence "in the light most favorable to the prosecution." *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). There must be sufficient evidence introduced for a rational trier of fact to find that the essential elements of the crime were proven beyond a reasonable doubt. *Id.* However, "[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993).

Possession can be either joint or exclusive. *People v McKinney*, 258 Mich App 157, 166; 670 NW2d 254 (2003). Possession can also be actual or constructive. *Id.* Possession of drugs requires "a showing of 'dominion or right of control over the drug with knowledge of its presence or character.'" *Id.* at 165, quoting *People v Nunez*, 242 Mich App 610, 615; 619 NW2d 550 (2000). Possession of a firearm can also be actual or constructive, and "a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *People v Hill*, 433 Mich 464, 470-471; 446 NW2d 140 (1989). Further, "[t]o be guilty of felony-firearm, one must *carry* or *possess* the firearm, and must do so *when* committing or attempting to commit a felony." *People v Burgenmeyer*, 461 Mich 431, 438; 606 NW2d 645 (2000). When the underlying felony is possession of a controlled substance, there must be evidence that defendant possessed the firearm *while* he possessed the controlled substance. *Id.* at 439.

The prosecution introduced sufficient evidence to establish that defendant possessed the pills and marijuana residue found in the bedroom. Police found defendant's property in the room and found drugs in the same room. The marijuana was sitting on defendant's stereo, and the pills were on a bed stand. Mail addressed to defendant was in the room, and defendant's cousin testified that

- 4 -

>   defendant was the only person who used that room.  This is sufficient evidence to establish that defendant possessed the contraband in the room.  See *People v Hardiman*, 466 Mich 417, 422-423;646 NW2d 158 (2002) (trier of fact could infer that female defendant possessed heroin found in a dress pocket because she was the only female who stayed in the apartment, and her mail was found in the nightstand near the drugs).
>
>   The prosecution also introduced sufficient evidence that defendant possessed the marijuana in the vehicle.  The vehicle was titled in the name of a third party, but the title was found among defendant's effects in a plastic container in the bedroom.  Defendant's cousin testified that it was defendant's vehicle.  A rational trier of fact could conclude from this that defendant owned the car and, therefore, the marijuana hidden inside of it.
>
>   Police found the gun in a duffel bag that also contained a credit card application with defendant's name on it.  A matching credit card was found in defendant's possession when he was arrested.  The gun was on top of a folded pair of pants with a 40-inch waist.  When police arrested defendant he was wearing the same size pants.  Further, the requirement that defendant possessed the gun contemporaneously with the drugs, as required for possession of a firearm during the commission of a felony, can be proven by their proximity to each other.  See *People v Johnson*, 293 Mich App 79, 82-83; 808 NW2d 815 (2011).  The felony-firearm conviction must be affirmed. Additionally, because there was evidence that defendant possessed the gun, his felon-in-possession conviction must also be affirmed.

Michigan Court of Appeals Decision, PageID.570-572, ECF No. 8-6 (footnote omitted).

A conviction is supported by sufficient evidence if, when "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Tucker v. Palmer,* 541 F.3d 652, 656 (6th Cir. 2008) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original)).  In a habeas proceeding, however, the court cannot simply conduct a de novo review of the state court's application of that rule, but must review its sufficiency-of-the-evidence decision under the highly deferential standard of AEDPA.  Petitioner can be granted habeas relief only if the Michigan Court

of Appeals unreasonably applied the *Jackson* standard. *See Getsy v. Mitchell,* 495 F.3d 295, 315-16 (6th Cir. 2007) (en banc) ("Whether [the petitioner] is entitled to habeas relief ultimately depends on whether the [state court's] denial was based on an unreasonable application of clearly established federal law regarding the sufficiency of the evidence."). The court's task is "to determine whether it was objectively unreasonable for the [state court] to conclude that a rational trier of fact, after viewing the evidence in the light most favorable to the state, could have found that [Petitioner] committed the essential element of [the crimes charged] beyond a reasonable doubt." *Nash v. Eberlin,* 258 Fed. Appx. 761, 765 (6th Cir. 2007).

When reviewing whether the state court's determination was "objectively unreasonable," the court must engage in a two-step analysis. First, the court must ask whether the evidence itself was sufficient to convict under *Jackson.* The inquiry ends if it is determined that there was sufficient evidence to convict Petitioner. If the court finds that the evidence is insufficient to convict, it must then apply AEDPA deference and ask whether the state court was "objectively unreasonable" in concluding that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. *Id.* The law therefore "commands deference at two levels." *Tucker*, 541 F.3d at 656.

The evidence as presented by the prosecutor against Petitioner was sufficient to convict under the *Jackson* standard. In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that his trial counsel was ineffective for failing to call a witness whose testimony would have exculpated Petitioner and should have been heard by the jury. Further, Petitioner asserts that appellate counsel was ineffective for failing to raise this issue on appeal. Petitioner, in the Conclusion to the Statement of Facts of his Brief on Appeal, stated: "The issue of whether Corey Mays confessed to these crimes was addressed on the record (T. Sentence 16, lines 3-20)." PageID.592, ECF No. 8-6. However, Petitioner did not raise this matter as a separate issue on appeal. Thus, the Michigan Court of Appeals did not have the opportunity to review this issue.

As Petitioner's Brief in Support of his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus admitted, Petitioner raised this new issue first in his Application for Leave to Appeal in the Michigan Supreme Court, although his Petition for Writ of Habeas Corpus claimed that he had raised this issue on direct appeal. PageID.20, ECF No. 2; PageID.9, ECF No. 1. Petitioner's discussion of this issue in his Application for Leave is virtually identical to that in his Brief of Support. PageID.643-646, ECF No. 8-7.

In the opinion of the undersigned, Petitioner failed to exhaust this claim. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner admits that he did not raise the issue of ineffective assistance of counsel on his direct appeal, but first in his Application for Leave to Appeal with the Michigan Supreme Court. PageID.20, ECF No. 2. Michigan has not waived the exhaustion defense, but raised it in its Answer in Opposition to Petition for Writ of Habeas Corpus. PageID.75-78, ECF No. 7.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq.* Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the court concludes that he has at least one available state remedy. Because Petitioner has some claims that are exhausted and some that are not, his application must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Accordingly, it is recommended that the court dismiss Petitioner's habeas corpus application without prejudice.

Alternatively, Petitioner's claim of ineffective counsel fails on the merits. In his Brief in Support, Petitioner states:

> Decisions regarding which evidence counsel should present and whether to call witnesses are presumed to be matters of trial strategy. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). Nonetheless, trial counsel's failure to call significant witnesses without articulating a strategy may constitute ineffective assistance

> of counsel. *People v Johnson*, 451 Mich 115, 122-124; 545 NW2d 637 (1996). If the failure to call a witness deprives a defendant of a substantial defense, the decision renders counsel's assistance ineffective. *People v Daniel*, 207 Mich App 47, 58; 523 NW2d 830 (1994).
>
> Here, the Defendant was deprived of a substantial defense where the trial counsel failed to call Corey Mays as a witness when the record shows that he had previously confessed to the crimes Defendant was convicted of. (T. Sentence 16, lines 3 – 20). The jury should have been given the opportunity to hear this testimony, weigh the credibility for themselves, and render a decision that was based on all the evidence presented. Had the jury been presented with this exculpatory evidence, there is a reasonable probability of a different outcome.
>
> Ineffective assistance of counsel can take the form of a failure to call witnesses or present other evidence if the failure deprives the defendant of a substantial defense, i.e., one that might have made a difference in the outcome of the trial. *People v. Lavearn*, 201 Mich App 679 (1993).
>
> Trial Counsel's failure to call a witness who previously had confessed to the crimes, and Appellate Counsel's refusal to raise the ineffective assistance of counsel issue on appeal, have denied Defendant the effective assistance of counsel guaranteed by the United States Constitution Am VI, XIV and the Michigan Constitution of 1963, art 1 § 20.

Petitioner's Brief in Support, PageID.28-29, ECF No. 2.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984)).

- 9 -

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 523 U.S. 1088 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker*, 181 F.3d at 754.

Petitioner's request for relief cannot be granted under these authorities because he has not submitted any evidence substantiating his claim that Mr. Mays would have served as an exculpatory witness at trial. Petitioner's claim that "the record shows that [Mr. Mays] had previously confessed to the crimes [Petitioner] was convicted of" is not supported by the record Petitioner references in his briefs, a statement made by the prosecutor during Petitioner's sentencing hearing. The prosecutor stated that, when Petitioner claimed that Mr. Mays "confessed to this crime," both the prosecutor and Petitioner's trial counsel spoke to Mr. Mays on the first day of trial: "Mr. Mayes [sic] indicated to me that ... the gun wasn't his, the drugs weren't his, but that the defendant had

contacted him and, because of his age and lack of record, asked that Mr. Mayes [sic] take the hit on this case." PageID.559, ECF No. 8-5. Petitioner's trial counsel did not subsequently challenge the prosecutor's summary as inaccurate. PageID.559-561, ECF No. 8-5. Petitioner does not provide any evidence as to why his trial counsel should have challenged the prosecutor's statement or called Mr. Mays to testify during trial.

Therefore, Petitioner has failed to show that the decisions by Petitioner's counsel, both at trial and on appeal, to decline to call on Mr. Mays to testify, were outside their reasonable professional judgment and sound trial strategy and affected the outcome of his case. In the opinion of the undersigned, Petitioner cannot support his ineffective assistance of counsel claims.

In summary, the undersigned concludes that Petitioner has presented at least one unexhausted claim. Accordingly, it is recommended that the petition be dismissed without prejudice as a mixed petition. Alternatively, it is recommended that if the Court concludes that Petitioner has exhausted each of the issues presented in this petition, that the petition be dismissed with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

Alternatively, the undersigned recommends that the court deny Petitioner's application on procedural grounds of nonexhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that Petitioner's claim of ineffective counsel is properly dismissed on the procedural grounds of nonexhaustion. "Where the plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

          /s/ TIMOTHY P. GREELEY
          TIMOTHY P. GREELEY
          UNITED STATES MAGISTRATE JUDGE

Dated: June 22, 2016